FILED BY _____ D.C.

05 AUG 24  PM 3: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JUAN WINSTON, Defendant. | Cv. No. 03-2485-Ma<br>Cr. No. 92-20254(G) |

### ORDER DENYING MOTION TO SUPPLEMENT OR AMEND

On June 27, 2003, defendant, Juan Winston, through counsel, filed a motion to vacate his conviction under 28 U.S.C. § 2255. On July 26, 2004, defendant, through counsel filed a motion for permission to supplement or amend his pending § 2255 motion based upon the holding of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[1] (Docket entry #8)

Winston's conviction became final on September 4, 1996, when the time for filing a petition for writ of certiorari expired after the conclusion of his direct appeal. The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. <u>See</u> <u>Anderson v. United States</u>, No. 01-2476, 2002 WL 857742 at

---

[1] The Court also anticipates an additional motion to amend and supplement the petition with the holding of <u>United States v. Booker</u>, 125 S. Ct. 738 (Jan. 12, 2005).

*3 (6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). Winston's initial §2255 motion was not timely filed.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[2]

Winston's motion to amend filed on July 26, 2004, and memorandum in support raise additional claims. The motion and claims are untimely and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent defendant seeks to amend and supplement his pending issues to seek relief under the principles enunciated in Blakely v. Washington, 124 S. Ct. 2531 (2004), such amendment would be futile. See Oleson v. United States, 27 Fed. Appx. 566, 570-71 n. 5 (6th Cir. 2001)(holding motions seeking to amend to retroactively apply Apprendi v. New Jersey, 530 U.S. 466 (2000), to initial § 2255 motions futile, because Apprendi was not

---

[2] See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

2

retroactive in effect and citing United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001)). Winston cannot demonstrate that Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

In United States v. Booker, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in Blakeley applies to the Sentencing Guidelines, Booker, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863(noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

3

Accordingly, it would be futile to allow Winston to amend or supplement his motion to vacate to seek retroactive application of <u>Blakely</u> or <u>Booker</u>. The motion (Docket entry 8) is hereby DENIED.

IT IS SO ORDERED this 24th day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:03-CV-02485 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Jeffrey M. Brandt
ROBINSON & BRANDT, P.S.C.
11331 Grooms Rd.
Ste. 3000
Cincinnati, OH 45242

Honorable Samuel Mays
US DISTRICT COURT