IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 29 PM 3: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | Cv. No. 03-2485-Ma |
| | X | Cr. No. 92-20254(G) |
| JUAN WINSTON, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND, ALTERNATIVELY,
ORDER DENYING PETITION UNDER § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Juan Winston, through counsel, has filed a motion under 28 U.S.C. § 2255 challenging his drug trafficking conviction and sentence for violating 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). In September of 1992, defendant and three co-defendants were indicted by a federal grand jury. A jury determined that Winston was guilty of conspiracy to possess cocaine base with the intent to distribute and aiding and abetting the possession of cocaine base with the intent to distribute.

Subsequently, United States District Judge Gordon J. Quist imposed a sentence of mandatory life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Winston appealed challenging the sufficiency of the evidence against him and the sentence imposed. The Sixth Circuit Court of appeals determined that Winston's challenge to the sufficiency of the evidence was meritless. However, the Court

determined that the District Court had improperly sentenced Winston to life as a career offender and remanded his case for resentencing. United States v. Winston, 37 F.3d 235 (Sixth Cir. Oct. 5. 1994).

On remand, United States District Judge Julia Gibbons imposed a sentence of thirty years imprisonment, the minimum sentence under the United States Sentencing Guidelines.  Winston appealed his sentence contending that the original presiding judge was required to conduct the resentencing hearing and that his sentence for trafficking in crack cocaine was inconsistent with the applicable statute and the Sentencing Commission's Congressional mandate.  The Sixth Circuit affirmed his sentence. United States v. Winston, 1996 WL 306572 (6th Cir. June 6, 1996).  Winston did not file a petition for certiorari.

Winston filed this motion pursuant to § 2255 on June 27, 2003. Winston contends:

that counsel was ineffective by failing:

1)   to file a post-verdict motion for judgment of acquittal;

2)   to raise the district court's denial of a mistrial as an issue on direct appeal; and

that his conviction violated the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Furthermore, should the Court determine that Winston's motion to vacate is barred by the statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA), he seeks a determination that the statute of limitations

2

is unconstitutional.  Alternatively, if his motion is time-barred, he seeks consideration of his issues under 21 U.S.C. § 2241.

The AEDPA created a statute of limitations for filing habeas petitions under § 2255.  Because this petition was filed after April 24, 1996, the AEDPA is applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The Court should consider this statute of limitations as a threshold matter.  Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review."  Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001).  In this case, Winston's conviction became final no later than September 4, 1996, the last

day on which he could have filed petition for certiorari with the
United States Supreme Court. Accordingly, the limitations period
expired on September 4, 1997, unless one of the conditions set forth
above is applicable. Winston's motion was filed on June 27, 2003,
and it would, therefore, appear to be untimely.

Winston's contention that the AEDPA one year statute of
limitations is unconstitutional is without merit. Although
statutory retroactivity has "long been disfavored," Landgraf v. USI
Film Prods., 511 U.S. 244, 268 (1994), retroactivity concerns
generally do not bar the application of a changed limitation period
to a suit that is filed after the amendment's effective date. See
United States v. Simmonds, 111 F.3d 737, 45 (10th Cir. 1997)(citing
Forest v. United States Postal Service, 97 F.3d 137, 139-40(6th Cir.
1996)). Furthermore, "a statute does not operate 'retrospectively'
merely because it is applied in a case arising from conduct
antedating the statute's enactment or upsets expectations based on
prior law." Landgraf, 511 U.S. at 269(citations omitted). Although
the events underlying Winston's conviction antedate the AEDPA, the
application of the limitation period does not attach "new legal
consequences to events completed before its enactment." Id. The
limitation period applied to Winston's filing of a motion under §
2255, which occurred after the enactment of the statute; as a
result, the application of the limitation period is prospective and
not retroactive. See id.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.
2001), the Sixth Circuit held that the one-year limitations period

applicable to § 2255 motions is a statute of limitations subject to equitable tolling.   Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.   This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases.   Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .   Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day).   Thus, ignorance of the law by pro se litigants does not toll the limitations period.   Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497

(6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); <u>Brown v. United States</u>, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period.").

Winston contends that he "was unaware of any deadline for challenging his attorney's errors" and "only recently understood that he had the grounds for raising the constitutional issues" presented in this motion.  However, the issues that counsel was ineffective by failing to file a post-trial motion for judgment of acquittal and by failing to raise the trial court's denial of counsel's motion for mistrial on appeal were not only discoverable during Winston's direct appeals, those issues were readily apparent. Winston fails to allege any circumstance which establishes either due diligence or the reasonableness of remaining ignorant of the filing requirement for his issues of ineffective assistance.

Winston's <u>Apprendi</u> issue provides no basis for equitable tolling.  <u>Apprendi</u> is not retroactively applicable to cases on collateral review.  <u>Goode v. United States</u>, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); <u>see also Oleson v. United States</u>, No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001) (district court did not abuse its discretion in denying a motion to amend a § 2255 motion to assert an <u>Apprendi</u> claim because amendment would have been futile); <u>Snyder v. United States</u>, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of § 2255 motion because, <u>inter alia</u>, "<u>Apprendi</u> may not be applied

6

retroactively"); <u>Jones v. United States</u>, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001) (directing the district court to "determine whether <u>Apprendi</u> may be retroactively applied to this case under <u>Teague v. Lane</u>"); <u>United States v. Murray</u>, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling mandate to permit application of <u>Apprendi</u> to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before <u>Apprendi</u> was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); <u>see also</u> <u>In re Clemmons</u>, 259 F.3d 489 (6th Cir. 2001) (holding, on the basis of <u>Tyler v. Cain</u>, 533 U.S. 656 (2001), that <u>Apprendi</u> has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion); <u>White v. Lamanna</u>, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002) (applying <u>Tyler</u> and <u>Clemmons</u> to deny consideration of an <u>Apprendi</u> issue raised in a petition pursuant to 28 U.S.C. § 2241); <u>Perkins v. Thomas</u>, No. 01-

7

5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001) (same).[1]  Thus, Apprendi fails to provide Winston with any basis for relief.

Finally, despite counsel's argument, Winston's poverty and inability to hire counsel are irrelevant to the tolling decision because there is no right to counsel during post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1984); Johnson v. Avery, 393 U.S. 483, 488 (1969). The right to appointed counsel extends to the first appeal of right, and no further. Pennsylvania v. Finley, 481 U.S. 551, 554 (1987). Ineffective assistance of counsel is irrelevant to the tolling decision. Accordingly, the Court determines upon examination of the record as a whole that Winston has failed to establish or demonstrate any "rare and exceptional circumstances" permitting equitable tolling.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker

---

[1]     These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to Apprendi.  See Hamm v. United States, 269 F.3d 1247 (11th Cir. 2001); Dukes v. United States, 255 F.3d 912 (8th Cir. 2001); United States v. Moss, 252 F.3d 993, 996-1001 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000); cf. United States v. Smith, 241 F.3d 546 (7th Cir. 2001) (declining to decide whether Apprendi is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

<u>v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986).  Defendant's conviction and sentence are valid and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability.  No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA.  The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983).  <u>See Lyons</u>, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits.  He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

<u>Barefoot</u>, 463 U.S. at 893 (internal quotations and citations omitted).  In this case, the defendant's claims are clearly barred

by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. <u>Hereford v. United States</u>, 117 F.3d 949, 951 (6th Cir. 1997); <u>cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal <u>in forma pauperis</u> in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). <u>Hereford</u>, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

---

[2] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

Because a 2255 motion is foreclosed by the AEDPA statute of limitations, the petitioner seeks alternatively to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the limitations period enacted by the AEDPA. Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77. Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). It is clear from Wright and Jalili that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original

11

underlying conviction and sentence. Winston's petition does not challenge the execution of his sentence, but attacks its imposition.

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies. <u>Charles v. Chandler</u>, 180 F.3d 753, 56 (1999). The § 2255 remedy is not inadequate or ineffective, for example, merely because the motion is barred by the statute of limitations. <u>Charles</u>, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by <u>Gray-Bey v. United States</u>, 209 F.3d 986, 990 (7th Cir. 2000), in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner

will at some point have the opportunity for such review. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). According to Wofford, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Winston attacks his sentence alleging that he is entitled to relief under Apprendi v. New Jersey, 530 U.S. 466 (2000). Although Winston can make a prima facie showing that Apprendi was not available to him during the applicable one-year limitations period for a motion to vacate and presents a new constitutional rule of criminal procedure, he cannot demonstrate that Apprendi has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v.

Lane, 489 U.S. 288 (1989).  As analyzed in the forgoing section, Apprendi fails to provide Winston with any basis for relief.

Winston's claim of actual innocence is specious.  Winston contends that he was convicted because the admission of inadmissible and highly prejudicial testimony where an officer twice referred to statements of a co-defendant that had been rendered inadmissible for trial.  Counsel objected to the statements, and properly requested a mistrial, but the district court denied the request.  Appellate counsel failed to raise the issue on either direct appeal.  Although the Sixth Circuit noted in the first appeal that the question of whether the trial court should have granted Winston's motion for mistrial was a close question, the Court also determined the record included sufficient evidence to sustain his conviction.  The evidence included a recorded statement of co-defendant Scott, in which Scott stated that the drugs would arrive in five minutes in either a gold or silver Cadillac, and eyewitness testimony that Winston's gold Cadillac pulled into the parking lot five minutes later.  Winston testified at trial that he brought drugs in the Cadillac to the parking lot and stated during his arrest that crack cocaine uncovered at his residence belonged to him.  United States v. Winston, 37 F.3d at 239.

In Workman v. Bell, 227 F.3d 331, 342 (6th Cir. 2000), on a motion for rehearing en banc, the Sixth Circuit divided equally, with Judge Siler, joined by six other judges, wrote in dicta that "if a prisoner purposefully or by inadvertence lets the time run under which he could have filed his petition, he cannot file a

petition beyond the statutory time, even if he claims actual innocence." <u>Id.</u> (Siler, J. opinion opposing reh'g en banc). Furthermore, it is clear that an actual innocence claim requires "factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998); <u>Hilliard v. United States</u>, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Winston has not made such a showing and is not entitled to relief under § 2241 on his claim.

Because Winston is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.  28 U.S.C. § 2243.  An order for the respondent to show cause need not issue. The petition is DENIED and DISMISSED.

Twenty-eight U.S.C. § 2253 does not apply to habeas petitions by federal prisoners under § 2241. <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 810 (10th Cir. 1997); <u>Ojo v. I.N.S.</u>, 106 F.3d 680, 681-82 (5th Cir. 1997); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  However, to seek leave to appeal <u>in forma pauperis</u> in a § 2255 or § 2241 case,[3] and thereby avoid the $255

---

[3]     Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed <u>in forma pauperis</u> and avoid this filing fee.  Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951-52 (6th Cir. 1997). <u>Cf.</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).  The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort

filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Fed. R. App. P. 24(a).

Rule Fed. R. App. 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). Construing this filing as a § 2255 motion, the same reasons for which the Court denies a certificate of appealability compel the conclusion that any appeal would not be taken in good faith. Alternatively, construing the filing as a habeas petition,

---

or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

16

the same considerations that lead the Court to dismiss the petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this _26th_ day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

17

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:03-CV-02485 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Jeffrey M. Brandt
ROBINSON & BRANDT, P.S.C.
11331 Grooms Rd.
Ste. 3000
Cincinnati, OH 45242

Honorable Samuel Mays
US DISTRICT COURT