IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                          Cr. No. 92-20254(G)
                                             Cv. No. 03-2485-Ma
JUAN WINSTON,

       Defendant.

_____

ORDER REITERATING DENIAL OF CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

    Defendant Juan Winston, through counsel, filed a motion under 28 U.S.C. § 2255 challenging his drug trafficking conviction and sentence for violating 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). On August 29, 2005, this Court denied his motion and on September 14, 2005, entered its judgment dismissing the case. On September 29, 2005, Winston filed a notice of appeal and motion for a certificate of appealability.

    The Court incorporates by reference the reasons expressed in the previous order of dismissal, and reiterates that a certificate of appealability is denied and that any appeal is not taken in good faith. Pursuant to Fed. R. App. P. 22(b) and 24(5) Winston must

make any further requests for a certificate of appealability to the Sixth Circuit Court of Appeals.

The Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub. L. 104-134, 110 Stat. 1321 (Apr. 24, 1996), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[1] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

F.R.A.P. 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.  For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith.

It is therefore certified, pursuant to F.R.A.P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 17th day of March, 2006.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3